UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY LYNCH,

                  Petitioner,              Case No. 5:15-cv-12962
                                            Hon. John Corbett O'Meara

BONITA HOFFNER,

                  Respondent.
_____/

**OPINION AND ORDER 1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 5], 2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [Dkt. 1], AND 3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

        Tracy Lynch, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne Circuit Court conviction for second-degree murder. MICH. COMP. LAWS § 750.317. As a result of his conviction Petitioner was sentenced to 19-to-30 years' imprisonment. The petition raises one claim: the trial court relied on false information in scoring the sentencing guidelines.

        This matter is before the Court on Respondent's motion for summary judgment, in which she asks the Court to dismiss the petition as untimely. (Dkt. 5). Petitioner filed an answer to the motion claiming actual innocence.

        The Court will grant Respondent's motion for summary judgment and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d). The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

# I. Background

Following his conviction and sentence for the offense indicated above, Petitioner filed a direct appeal. On October 18, 2011, the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Lynch*, No. 290216, 2011 WL 4953450 (Mich. Ct. App. Oct. 18, 2011). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On April 23, 2012, the Michigan Supreme Court denied the application. *People v. Lynch*, 810 N.W.2d 586 (Mich. 2012) (unpublished table decision). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, and the deadline for doing so was July 22, 2012. The statute of limitations for filing a petition for writ of habeas corpus began running the next day under 28 U.S.C. § 2244(d)(1)(A).

121 days later, on November 21, 2012, Petitioner filed a motion for relief from judgment in the trial court under Michigan Court Rule 6.501, tolling the limitations period under § 2244(d)(2). The trial court denied the motion on April 15, 2013. Dkt. 6-20. Petitioner did not file an appeal from the denial of his motion for relief from judgment. Dkt. 6-25. The limitations period began running again the next day.

242 days later, on December 12, 2013, Petitioner filed a second motion for relief from judgment, and for purpose of Respondent's motion it can be assumed to have once again tolled the limitations period under § 2244(d)(2). The trial court denied the motion by ordered dated January 13, 2014. Dkt. 6-22. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Lynch*, No. 322357 (Mich. Ct. App. Sept. 2, 2014). Petitioner applied for leave to appeal to the Michigan Supreme Court, but on May 8, 2015, the application was denied. *People v. Lynch*, 863 N.W.2d 307 (Mich.

-2-

2015) (unpublished table decision).

96 days later Petitioner commenced the present action by signing and dating his federal habeas petition and turning it over to prison authorities for filing.

## II. Discussion

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

§ 2244(d)(1)(A) provides the operative date from which the one-year limitations period is

measured in this case. Petitioner has not filed a response to Respondent's motion asserting that any other starting point applies, and no other starting point appears in the record. Under this provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application for leave to appeal during Petitioner's direct appeal on April 23, 2012. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court, and the deadline for doing so was on Monday, July 22, 2012. The statute of limitations for filing a petition for writ of habeas corpus began running the next day on July 23, 2012. See *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Petitioner filed his first motion for relief from judgment in the state trial court on November 21, 2012. On that date, Petitioner had a properly filed petition for state post-conviction review pending in the state court, so the limitations period began to toll under § 2244(d)(2) on that date. 121 days had elapsed on the limitations period at that point.

The trial court denied Petitioner's first motion for relief from judgment on April 15, 2013, and Petitioner did not appeal that decision. The day after the trial court denied the motion, the limitations period started running again because Petitioner no longer had a pending petition for state post-conviction review under § 2244(d)(2). Petitioner is not entitled to tolling for the period in which he could have, but did not, appeal the trial court's denial of his first motion for relief from judgment. See *Carey v. Saffold*, 536 U.S. 214, 225-226 (2002); *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Scarber v. Palmer*, 2015 U.S. App. LEXIS 22296 (6th Cir. 2015) ("§ 2244(d)(2) burdens the petitioner with the responsibility of preserving a 'pending' status of review by appealing . . . an

-4-

otherwise final state-court order").

Petitioner's subsequent motion for relief from judgment, and the appeal he filed from its denial, did not statutorily toll the limitations period because the Michigan Supreme Court found that it was not properly filed under Michigan Court Rule 6.502(G).  See *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012); *Bey v. Capello*, 525 F. App'x 405, 409 (6th Cir. 2013). Nevertheless, the Court will assume for purposes of this motion that Petitioner's second motion for relief from judgment and appeal tolled the limitations period. That is, the Court will assume that the limitations period started tolling again on December 12, 2013, when he filed the motion, and it continued tolling until the Michigan Supreme Court denied leave to appeal. Another 242 days elapsed on the limitations period between the time Petitioner's first motion for relief from judgment was denied and the date Petitioner filed his second motion for relief from judgment.

At best for Petitioner then, the statute of limitations stopped tolling and started running again on May 9, 2015, the day after the Michigan Supreme Court denied relief. Petitioner then waited another period of 96 days before commencing this action.  Adding these three periods in which the limitations period ran together, 459 days, or more than one year, elapsed on the limitations period.

The petition is therefore time-barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).    Petitioner did not file an answer to Respondent's motion, nor does the petition itself offer any argument that he is entitled to equitable

-5-

tolling. The most Petitioner could say is that he was personally unaware of the limitations period. But the fact that Petitioner is untrained in the law or may have been unaware of the manner in which the statute of limitations is calculated does not warrant tolling. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

The one year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Petitioner claims that he is actually innocent because the evidence presented against him is consistent with his theory that he was merely present at the time of the homicide. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup*, because Petitioner has presented no new, reliable evidence that he is actually innocent of the crimes charged. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). In fact, his only claim is that the

sentencing guidelines were scored incorrectly.

Accordingly, the Court will grant Respondent's motion for summary judgment and dismiss the petition.

### III. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Leave to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

**IV. Order**

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

s/John Corbett O'Meara<br>United States District Judge

Date:  April 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 22, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager

-8-